IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2017-CA-005902XXXX-MA
DIVISION: CV-H

MATTHEW McKAY, an individual,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE,
INSURANCE COMPANY, a foreign corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MATTHEW McKAY, by and through his undersigned counsel, sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation ("STATE FARM") and alleges:

### Count I

1. This is an action for damages which exceed the sum of $15,000.00, exclusive of interest and costs.

2. At all times material hereto, Plaintiff, MATTHEW McKAY, was and is a resident of Duval County, Florida.

3. At all times material hereto, Defendant, STATE FARM, was and is a foreign corporation authorized to do business in the State of Florida, and in fact, doing business in Duval County, Florida, by virtue of the fact that it offers automobile insurance for sale in Jacksonville, Duval County, Florida.

4. At all times material hereto, Plaintiff, MATTHEW McKAY, was insured through a policy of automobile insurance provided by Defendant, STATE FARM, which

included underinsured motorist coverage for bodily injury. A copy of that policy is attached hereto as "Exhibit A."

5. Under the subject policy of insurance, STATE FARM, is obligated to pay all and any parts of damages for bodily injury to Plaintiff, MATTHEW McKAY, if the party responsible for the accident was uninsured or underinsured for bodily injury liability coverage.

6. On or about, September 8, 2015, Patricio Edward Brown owned and operated a motor vehicle on State Road 202 in Jacksonville, Duval County, Florida.

7. At that time and place, Patricio Edward Brown negligently operated or maintained his motor vehicle so that it collided with Plaintiff, MATTHEW McKAY, who was operating a motor vehicle insured by Defendant, STATE FARM.

8. As a direct and proximate result of the negligence of Patricio Edward Brown, as aforesaid, Plaintiff, MATTHEW McKAY, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previously existing condition. The losses are permanent and continuing in nature and Plaintiff, MATTHEW McKAY, will continue to suffer the losses in the future. Furthermore, Plaintiff has suffered a permanent injury within a reasonable degree of medical probability as a result of the subject accident.

9. The driver and owner of the motor vehicle that collided with Plaintiff's motor vehicle, Patricio Edward Brown, had total bodily injury liability coverage of $10,000 per person. This automobile coverage was maintained through Infinity Insurance Company and has been tendered.

10. Plaintiff, MATTHEW McKAY, has complied with all the conditions precedent to the bringing of this action. The injuries sustained by Plaintiff, MATTHEW McKAY, as a

result of the accident described herein are in excess of the amount of bodily injury liability coverage maintained by Patricio Edward Brown, with his insurance carrier, Infinity Insurance Company.

WHEREFORE, Plaintiff, MATTHEW McKAY, demands judgment for damages against Defendant, STATE FARM, costs of this action and a trial by jury of all issues so triable.

## COUNT II

Plaintiff, MATTHEW McKAY, adopts the allegations contained in paragraphs 1 through 10, and incorporates them herein by reference.

11. This is action for declaratory relief under Chapter 86, Florida Statutes and other applicable law.

12. Plaintiff is informed and believes, and based thereon, alleges that an actual controversy has arisen and now exists between Plaintiff and Defendant, STATE FARM, in that:

   a) Plaintiff alleges that the damages and injuries suffered by Plaintiff, MATTHEW McKAY, are far in excess of the $100,000 in uninsured motorist coverage provided by Defendant.

   b) Defendant claims that the Plaintiff's damages are not in excess of the $100,000 in uninsured motorist coverage provided by Defendant.

   c) The jury impaneled to hear the evidence in this case will be asked to determine the full extent of the damages sustained by Plaintiff.

   d) After the jury renders its verdict in this case, the maximum judgment for money damages that may be entered by the Court against the defendant, is limited to the $100,000 policy limits of the underinsured motorist policy; however, this limit may not apply to attorney's fees, costs and expenses that Plaintiff may be entitled to recover.

13. On June 20, 2017, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Financial Services and served a copy of the CRN on Defendant. A copy of the CRN is attached hereto as "Exhibit B."

14. Plaintiff is entitled from Defendant, STATE FARM, in accordance with the provisions of Section 627.727, Florida Statutes, and the terms of the underinsured motorist policy.

15. A declaration of the total damages sustained by Plaintiff is necessary and appropriate in that:

    a) The parties to this action have antagonistic and adverse interest in determining the total damages sustained by Plaintiff.

    b) Plaintiff requires a determination of MATTHEW McKAY'S total damages and that MATTHEW McKAY'S total damages exceed the Defendant's UM policy limits, a condition precedent to bring an action for bad faith claims handling pursuant to Florida Statutes, Section 624.155(1)(b). Plaintiff requires a determination of MATTHEW McKAY'S total damages so that any all process and/or appeal rights of the parties as to the total damages can be perfected upon a jury verdict in this case.

    d) The relief sought herein is not merely the giving of legal advice by the Court or to answer a question propounded from curiosity.

WHEREFORE, Plaintiff, MATTHEW McKAY, demands a declaratory judgment providing a conclusive determination of the total damages suffered by MATTHEW McKAY, as determined by the jury, plus costs and supplemental relief.

### COUNT III

Plaintiff, MATTHEW McKAY, adopts the allegations 1 through 10 and paragraph 13 above and incorporates them herein by reference.

16. Plaintiff's claim will ripen upon the determination by the Court or by confession of judgement by STATE FARM, that Plaintiff is entitled to the limits of uninsured motorist benefits under the subject policy.

17. Plaintiff timely reported the claim to Defendant and otherwise complied with all the insured's obligations under the contract of insurance.

18. As a result of the injuries caused by the negligence of the underinsured motorist and the relationship between the parties, under the policy, STATE FARM, owed a duty to

Plaintiff to attempt in good faith to settle Plaintiff's claim when, under all these circumstances, it could have and should have done so had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interest. STATE.FARM further owed a duty to Plaintiff to refrain from engaging in unfair settlement practices.

19. STATE FARM breached its duties to Plaintiff in violation of Section 624.155, Florida Statutes by failing to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all of the circumstances it could have and should have done so had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interest.

20. As a direct and proximate result of STATE FARM'S actions or inactions as set forth above, Plaintiff has been damaged.

21. STATE FARM failed to cure its bad faith and more than 60 days have passed since the filing and service date of the CRN.

22. As a result of STATE FARM'S failure to act in good faith and based on the statutory violations alleged above, Plaintiff is entitled to recover the total amount of any damages pursuant to Section to 627.727(10), Florida Statutes, including all damages suffered as a result of the subject accident and all damage caused by STATE FARM'S failure to act in good faith and statutory violations alleged above.

23. STATE FARM'S violation of Section 624.155, Florida Statutes, has caused damages to Plaintiff of interest on unpaid benefits, prejudgment interest accrued since the date of STATE FARM'S violations; attorney fee's incurred by Plaintiff in the prosecution of a claim for uninsured motorists benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of Section 624.155, Florida Statutes; and post judgment interest.

24. As further direct and proximate result of STATE FARM'S failure to act in good faith and based on the statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorney and contracted with him for the payment of his attorney fees to bring this action and recover the excess damages owed by STATE FARM. By operation of law, including Section 627.428, Florida Statutes, STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

25. All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiff, MATTHEW McKAY, demands judgment suffered by him, pre and post judgment interest, attorney's fees according to Sections 627.155, 627.727(10) and 627.428, Florida Statutes, costs and all other relief this Court deems proper.

DATED this 20th day of September, 2017.

MARK G. USDIN, P.A.

*/s/ Mark Usdin*

MARK G. USDIN, ESQUIRE
Florida Bar No. 0476315
1920 San Marco Boulevard
Jacksonville, Florida 32207
(904) 399-4070
(904) 399-1917 facsimile
Email addresses for papers and pleadings:
markusdin@bellsouth.net
khickin@bellsouth.net
Attorney for Plaintiffs

khh

6